```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TERRANCE THOMAS,<br><br>      Plaintiff,<br><br>  v.<br><br>WARDEN JOHN CUZZUPE, CAPTAIN ROBERT REILLY, and LT. KATHY CRAWFORD,<br><br>      Defendants. | No. 18-cv-12176 (NLH) (JS)<br><br><br>OPINION |

APPEARANCE:
Terrance Thomas, No. 655343B
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Terrance Thomas, a prisoner presently confined at Bayside State Prison in Leesburg, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against the Warden John Cuzzupe, Captain Robert Reilly, and Lt. Kathy Crawford regarding a group strip search that occurred at the Salem County Correctional Facility located in Woodstown, New Jersey. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks

monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend granted.  28 U.S.C. § 1915(e)(2)(b)(ii).

BACKGROUND

Plaintiff alleges that "on 8-24-2017, I was ordered to be strip searched in the gym, by C/O Iveson, who told me Capt. Robert Reilly gave the order, for which the order came from the warden of the jail for the strip searches to be done by the C/Os.  This strip search was done with the A2 pod together in a group setting.  I feel I was comprised of my constitutional rights of being strip searched in a group setting.  I felt deprived of my dignity as a man and overall disrespected by public servants here in the facility." ECF No. 1 at 5-6.  As to Lt. Crawford, Plaintiff alleges that "Lt. answered the grievance, and didn't know the policies or the [illegible] of the 10A, or just didn't know, inmates are not to be searched in a group together.  Stating under special conditions, it's permitted to do so.  They know [sic] longer search inmates here at this jail like that now that they understand the 10A concerning this matter." Id. at 4.  Plaintiff requests for relief $5,000 for the wrong that happened to him as well as an apology in writing from the warden. Id. at 6-7.

STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis. See ECF No. 2 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must show that "'(1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (quoting Robb v. City of Phila., 733 F.2d 286, 290-91 (3d Cir. 1984)).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. Pretrial detainees and convicted prisoners, however, only have limited rights under the Fourth Amendment. See Bell v. Wolfish, 441 U.S. 520, 558 (1979) (inmates "retain some Fourth Amendment rights upon commitment to a corrections facility . . . ."); see also Parkell, 833 F.3d at 324 (stating "the contours of prisoners' Fourth Amendment rights . . . are very narrow."); Covino v. Patrissi, 967 F.2d 73, 78 (2d Cir. 1992) (prisoners "retain a limited right to bodily privacy"); Russell v. City of Phila., 428 F. App'x 174, 177 (3d Cir. 2011) (prisoner could state a Fourth Amendment claim based on a strip and cavity search).

In determining whether a particular strip search policy or action is reasonable, courts must balance an inmate's constitutional right to privacy and the needs of the institution to maintain safety and security. See Florence, 566 U.S. at 326–27; see also Parkell, 833 F.3d at 326. Specifically, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559. At this point, the Court cannot assess whether Plaintiff's claim is plausible because he has not alleged sufficient factual allegations to state a claim under the Fourth Amendment. Although Plaintiff alleges that he was strip searched with the rest of the A2 pod in the gym of the correctional facility, he does not provide any other factual allegations that would, if true, demonstrate that the search was unreasonable and therefore, Plaintiff has failed to state a claim upon which relief may be granted. Absent the factual allegations of the sort detailed in Bell this Court is unable, even accepting his allegations as true, to assess the viability of his Fourth Amendment claim.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will

5

grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.

Dated: December 4, 2018          __s/ Noel L. Hillman____
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.